IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONIQUE MOORE, | ) | Case No. 1:16 cv 3068 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| CUYAHOGA COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

**I.    Introduction**

This matter is before the court[1] on the motion to dismiss filed by Defendant Cuyahoga County ("County").[2] Cuyahoga County's original motion to dismiss[3] became moot when plaintiff filed an amended complaint. However, the County incorporates the arguments and authority set forth in its motion to dismiss in the supplemental brief in support.[4]

Because plaintiff has failed to allege sufficient facts to support her allegation that the County is her employer and because plaintiff has otherwise failed to state a claim, I recommend that the court DISMISS plaintiff's amended complaint against Cuyahoga County.

---

[1] Judge Donald Nugent referred this motion to me on June 7, 2017. His order requires me to make proposed findings and recommendations on each motion to dismiss.
[2] Supplemental brief filed May 5, 2017. ECF Doc. #35.
[3] ECF Doc. #9.
[4] ECF Doc. 35, Page ID# 244, fn2.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) and (6) provide, in relevant part, that "a party may assert the following defenses by motion: (1) lack of subject matter jurisdiction; * * * (6) failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, *Bell Atlantic Corp. v. Twombly,* 550 U.S.544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007); *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly,* 550 U.S. at 555; *See also Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

The Supreme Court further explained the pleading requirements in *Ashcroft v. Iqbal,* 566 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff alleges factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement" but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

(internal citations omitted) *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009).

2

In ruling on a motion to dismiss, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTv, Inc., v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). The court may consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice. *Whittiker v. Deutsche Bank Nat'l Trust Co.,* 605 F.Supp.2d 914, 924-925 (N.D. Ohio 2009). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief, *DirecTv, Inc.,* 487 F.3d at 476 (citing *Carver v. Bunch,* 946 F.2d 451, 454, 455 (6th Cir. 1991)), and dismissal on this basis is reviewed *de novo*. *Golden v. City of Columbus,* 404 F.3d 950, 958 (6th Cir. 2005).

## III. Statement of Facts

On November 30, 2016, plaintiff brought this action in state court against defendants named as: Cuyahoga County, Cuyahoga County Court of Common Pleas ("CP Court"), Cuyahoga County Probation Department ("Probation Department"), Maria Nemec, Michael Brady, and Christopher Russ.[5] Defendants removed the case to federal court on December 23, 2016.[6]

For the most part, the court must accept plaintiff's allegations as true in deciding this motion. Plaintiff alleges that she is a black woman employed as a probation officer with Defendant CP Court and the Probation Department and that the County, CP Court and Probation Department are her "employers in one capacity or another." She alleges that Nemec, Brady and Russ are all employees of these entities and that they are her supervisors.

---

[5] ECF Doc. 1, Page ID# 7-8.
[6] ECF Doc. 1, Page ID# 7-8.

3

Plaintiff alleges that defendants "collectively subjected [her] to a pattern and practice of numerous adverse employment actions in retaliation" for her filing charges of discrimination with the EEOC; and for her exposing defendants' practices that threatened the health and safety of plaintiff and other probation officers. She also alleges that in 2008 she attempted to participate in the interview process for supervisory positions, but that she was denied completion of the interview process and "less qualified Caucasian probation officers were allowed to complete the process." Many of plaintiff's allegations relate to Defendant Brady's practice of issuing reports for plaintiff's probationers, despite her requests that he not do so. She also alleges that she exposed defendants' practices of allowing hazardous urine-stained documents to be presented to probation officers as part of their case files.

Paragraph 1 of plaintiff's amended complaint states, "This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, and Title 42, Section 1981(b), Section 1983 and Section 1988 of the United States Code as well as under the laws of the State of Ohio." Plaintiff entitles Count One of her amended complaint "Equal Employment Opportunity and Civil Rights Violations." This count alleges that defendants breached their duties and violated her rights as set forth in Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and Ohio Revised Code Chapter 4112. Plaintiff entitles Count Two of her amended complaint "Violation of Civil Rights and Unlawful Retaliation." Here she alleges that defendants violated 42 U.S.C. §1981, and §2000e-3(a) by discriminating and retaliating against her.

**IV.  Parties' Arguments**

Cuyahoga County argues that no employment relationship exists between itself and plaintiff. The County contends that plaintiff is an employee of the Court, a separate

4

governmental entity. The County argues that the Ohio Constitution establishes three separate branches of government and that the County is a member of the legislative branch. As such, it contends that it cannot impinge or impede the powers of the judicial branch or have control over one of its employees. Because plaintiff is an employee of the CP Court, the County argues that it was neither permitted to nor did have control over her employment.

Cuyahoga County argues that plaintiff's allegation that she is employed by both Cuyahoga County and the CP Court is inconsistent with established law. The County relies upon Ohio Rev. Code § 2301.27 which authorizes the court of common pleas to establish a county department of probation and to appoint employees, fix their salaries and supervise their work. The County also points to the fact that plaintiff filed an EEOC complaint against the CP Court, not the County.

Because there is no employment relationship between Cuyahoga County and plaintiff, the County contends that it is entitled to a dismissal of plaintiff's employment-based claims. The County argues that plaintiff's threadbare allegation that the County is her employer is not entitled to an inference of truthfulness. The County argues that plaintiff has not supported this allegation with any operative facts. The County emphasizes that it is not permitted to have control over plaintiff's employment. While admitting that it administers the court's budget (and most likely issues plaintiff's paycheck,[7]) the County describes this as a ministerial function done for convenience and efficiency. The County points out that it is obligated to appropriate the funds requested by the court if reasonable and necessary and that it has no control over the court's personnel. Cuyahoga County cites state and federal law in support of its argument that

---

[7] Neither plaintiff nor the County have represented that plaintiff's paycheck is issued by Cuyahoga County. However, the County does represent that it administers the court's budget, which presumably includes the payment of plaintiff's salary.

5

administering funding does not give the County control over the Court's employees. *In re Appropriation for Juvenile and Probate Division for 1979,* 62 Ohio St.2d 99, 100 (1980); *In re Furnishings and Equipment for the Judge, Courtroom and Personnel for Courtroom Two,* 66 Ohio St.2d 427, 428 (1981); *Housey v. Macomb County,* 534 Fed. App'x 317 (6th Cir. 2013)(The fact that Macomb County handled payroll and benefits calculations did not mean that it was the employer of court's personnel.)

The County filed a supplemental brief[8] in support of its motion to dismiss on May 5, 2017, after plaintiff amended her complaint.  The County argues that the amended complaint allegations are not asserted against Cuyahoga County.  The County argues that plaintiff's renewed assertion that the County is her employer – without providing "a scintilla of facts" – is insufficient to state a claim under *Twombly* and *Iqbal*.  The County also contends that whether or not the CP Court is *sui juris* is irrelevant to the determination of whether it is plaintiff's employer.  The County cites cases holding that separate government entities cannot be held liable for the actions of court employees. *Saum v. Savage,* 2014 U.S.Dist. LEXIS 91636, *16-17 (S.D. Ohio July 7, 2014).

Plaintiff's opposition brief argues that she properly alleged each of the elements of her claims.[9]  Even though the County has not argued that it is not *sui juris,* plaintiff argues that it is a "person" and can be found liable under §1983 even if it is not *sui juris* under Ohio law. *Turner v. City of Toledo,* 671 F.Supp.2d 967, 970-974 (N.D. Ohio 2009); *Wood v. Summit County Fiscal Office,* 579 F.Supp.2d 935, 964 (N.D. Ohio 2008); *Jerry v. Lake County,* 2010 U.S. Dist. LEXIS 77135; *Sanford v. Lucas County,* 2009 U.S. Dist. LEXIS 20774 at *8-9; *Petty v. County of*

---

[8] ECF Doc. # 35.
[9] ECF Doc. #36.

6

*Franklin,* 478 F.3d 341, 347-8 (6th Cir. 2007); *Stack v. Karnes,* 750 F.Supp.2d 892, 894 (S.D. Ohio 2010); *Black v. Hamilton County Public Defender Commission,* 2013 U.S. Dist. LEXIS 25386 (S.D. Ohio 2013). She then argues that she has stated a claim pursuant to *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 690-691 (1978). She argues that "throughout the complaint" she alleged that the moving defendants each created, conducted, permitted to occur, and/or engaged in unconstitutional policies, customs, behavior, acts and/or omissions. Plaintiff cites *Smith v. Grady,* 960 F.Supp.2d 735 (S.D. Ohio 2013) and argues that she has set forth allegations that the County was her employer and that dismissal is not appropriate.

      Plaintiff then states that she does not dispute that the other branches of the government in the exercise of their respective powers cannot impede the administration of justice by the judicial branch of the government. However, she contends that there is no law suggesting that a county cannot be considered an "employer" of a court probation department employee. She argues that the County has only cited cases controlled by Michigan and Kentucky law. For example, she distinguishes *Housey* because it applied Michigan law. Plaintiff also contends that subsequent federal court decisions have held that *Housey* is not controlling. *See Maat v. County of Ottawa*, 2014 U.S. Dist. LEXIS 39898 at *33-34. (W.D. Michigan, March 26, 2014). Plaintiff argues that the County has not cited any Ohio statute governing her employment with the probation department.

      The County's Sur-Reply argues that most of plaintiff's arguments miss the mark. The County points out that it did not even argue that it was not *sui juris.* The County also contends that plaintiff's reliance on *Smith v. Grady* is misplaced because the plaintiff in that case alleged facts supporting a contention that she was an employee of the County. *Smith,* 960 F.Supp.2d at 747. Here, plaintiff has not alleged any facts supporting her assertion that she was a County

7

employee. The County cites case law rejecting the application of *Smith v. Grady,* where the actual employer and the county were two separate legal entities. *See Onuoha v. Greene Cnty Bd. of Comm'rs,* 2015 U.S. Dist.LEXIS 162399, *13 (S.D. Ohio Nov. 10, 2015). The County also points out that plaintiff failed to distinguish *Mumford v. Basinski,* 105 F.3d. 264 (6th Cir. 1997) holding that the common pleas court is not a segment of county government. *See also, Ortiz v. Holmes,* 157 F.Supp.3d 692 (N.D. Ohio 2016). The County also argues that, contrary to plaintiff's contention, it did cite Ohio statutes Ohio Rev. Code §§2301.27 and 2301.30 which provide that the common pleas court has the sole authority to control probation department employees. Thus, the County argues that the principles announced in *Housey* do apply to this case.

Cuyahoga County also argues that the Ohio Rules of Superintendence for the Courts of Common Pleas expressly impose the administration of personnel policies upon the presiding or administrative judge of a court. See Ohio Supreme Court Rule of Superintendence 4.01. The County also restates its argument that the separation of powers doctrine found in Ohio's Constitution prevents the County from exercising control over employees of the court.

**V.     Law & Analysis**

    **A.     Whether Plaintiff is an Employee of the County**

The County raises the issue of whether it is plaintiff's employer. Each of plaintiff's claims depends on this issue because she is alleging employment-based race discrimination claims.

Ohio counties are creatures of statute and have only those powers expressly conferred by statute, or that are implied by express power. *Rees v. Olmsted,* 135 F. 296, 299 (6th Cir. 1905). Ohio Rev. Code § 2301.27 states that the "court of common pleas may establish a county

department of probation. * * * The court shall appoint [employees of the probation department], fix their salaries, and supervise their work." Thus, the court of common pleas is the governmental entity that controls the hiring and supervision of plaintiff's work.

The only authority plaintiff has cited which could possibly support a finding that the County is her employer is *Smith v. Grady,* 960 F.Supp.2d 735, 747 (S.D. Ohio January 23, 2013). In *Smith*, the court denied the dismissal of Hamilton County because the plaintiff had alleged that she was working as a security officer at the youth center and that the superintendent of the youth center placed her on administrative leave. Hamilton County argued that plaintiff was employed as a juvenile corrections officers and denied that she worked as a security officer for the youth center. The court determined that plaintiff had alleged sufficient facts (contradicting those argued by the County) to avoid a dismissal under Fed. R. Civ. P. 12(b).

To determine whether a particular defendant is the employer of a plaintiff, the Sixth Circuit has held that a court must look to whether the alleged employer exercises control over the manner and means of plaintiff's work. *Nelson v. Clermont Cnty. Veterans' Servs. v. GE,* 115 F.3d 611, 617 (6th Cir. 2002). Here, plaintiff has not alleged any facts permitting the court to infer that the County exercised control over the manner and means of her work. Her only allegation related to the County is that it, along with the probation department and the Court, are her employers. She does not allege that the County hired or supervised her. She does not even allege that the County was responsible for issuing her paycheck. Her failure to allege more than a formulaic recitation that the County is her employer is insufficient to state a claim against the County, particularly in light of statutory authority directing the court of common pleas to hire and supervise probation department employees. *See* O.R.C. § 2301.27*; Twombly,* 550 U.S. at 555. I recommend that the court dismiss plaintiff's claims against the County because plaintiff

9

has failed to allege sufficient facts permitting the court to conclude that the County is her employer.

      **B.**      **Failure to State a Claim**

Plaintiffs' claims also fail because her allegations are insufficient to establish any adverse employment action. Each of plaintiff's claims also requires that she allege facts showing that her employer made an adverse employment decision, or took an adverse action against her. "In order to establish an equal protection violation against a public employer in a section 1983 action, a plaintiff must show that the employer made an adverse employment decision 'with a discriminatory intent and purpose.'" *Boger v. Wayne Cnty.*, 950 F.2d 316, 324-25 (6th Cir.1991) (citation omitted). "[T]o establish a prima facie case of disparate treatment [under O.R.C. § 4112.02(A)] a plaintiff must show that 1) she is a member of a protected class; 2) she was qualified for the position; 3) she was subjected to an *adverse employment decision*; and 4) she was replaced by a person outside the protected class, or treated differently than similarly situated non-protected employees. (emphasis added) *Vaughn v. Louisville Water Co.,* 2008 U.S. App. LEXIS 24224, \*\*16-17, 302 Fed. Appx. 337 (6th Cir. Nov. 24, 2008) (citing *Vincent v. Brewer Co.,* 514 F.3d 489, 494 (6th Cir. 2007)). "A prima facie case for retaliation under [O.R.C. § 4112.02(I)] requires a showing that 1) Plaintiff engaged in a protected activity; 2) defendant knew of the exercise of this civil right; 3) the employer took some *adverse action* against the Plaintiff; and 4) there is a causal link between the protected activity and the adverse action." (emphasis added) *Brower v. Ross Products Div*., 2002 U.S. Dist. LEXIS 15678, 2002 WL 484702 (S.D. Ohio) quoting *Chandler v. Empire Chem., Inc.,* 99 Ohio App.3d 396, 402, 650 N.E.2d 950 (Summit Co. 1994). These elements are the same elements required of a Title VII claim. *Logan v. Henderson,* 2002 U.S. Dist. LEXIS 15679, 2002 WL 484631 (S.D. Ohio, 2002).

10

The Sixth Circuit has defined an adverse employment action as a "materially adverse change in the terms and conditions of [plaintiff's] employment because of [the] employer's conduct." *Smith v. City of Salem*, 378 F.3d 566, 575 (6th Cir. 2004), quoting *Hollins v. Atlantic Co.,* 188 F.3d 652, 662 (6th Cir. 1999); *Kocsis v. Multi-Care Management, Inc.,* 97 F.3d 876, 885 (6th Cir. 1996). "[A] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Hollins*, 188 F.3d at 662. "Examples of adverse employment actions include firing, failure to promote, reassignment with significantly lower responsibilities, a material loss of benefits, suspensions, and other indicia unique to a particular situation." *Smith*, 378 F.3d at 575-76, quoting *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998).

Plaintiff's allegations of adverse employment actions are conclusory and, for the most part, merely state that she was subjected to "adverse employment action." *See Bradley v. Arwood,* 2014 U.S. Dist. LEXIS 148827 at *20 (E.D. Mich. 2014). To the extent that plaintiff's amended complaint describes specific events occurring in her employment, they do not constitute adverse employment action. *Id.* For example, plaintiff alleges that Defendant Brady issued status reports and other documents related to plaintiff's probationers as though she had issued them. She requested that he stop, but he persisted. Even if these allegations are true, they do not constitute adverse employment action. They may actually suggest that Brady was doing some of plaintiff's work. Plaintiff also alleges that she exposed defendants' practice of allowing hazardous urine-stained documents to be presented to probation officers as part of case files. After she exposed this practice, plaintiff alleges that defendants "continued and escalated the retaliation, harassment, and adverse employment actions against plaintiff." Unfortunately,

11

plaintiff does not describe what the adverse actions were or allege that they were racially motivated. What plaintiff has alleged does not constitute "adverse employment actions." *Id.*

While the undersigned agrees that plaintiff's allegations are conclusory and that she failed to describe any specific adverse employment action, paragraphs 24 and 25 of the amended complaint may warrant closer inspection.

> 24. Beginning in or around 2008, the Plaintiff attempted to participate in the interview process for supervisory positions.
>
> 25. Although highly qualified, the Plaintiff was denied completion of the interview process and less qualified Caucasian probation officers were allowed to complete the process.

These allegations could arguably be construed as a failure to promote, which is an adverse employment action. *See Young v. CSL Plasma, Inc.,* 2016 U.S. Dist. LEXIS 43199 at *8-9 (E.D. Mich., 2016).

To establish a prima facie case of racial discrimination based upon a failure to promote, the plaintiff must demonstrate: (1) she is a member of a protected class; (2) she applied for and was qualified for a promotion, (3) she was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the time the plaintiff's request for promotion was denied. *Nguyen v. City of Cleveland,* 229 F.3d 559, 562-63 (6th Cir. 2000). Even if the court construes the allegations in paragraphs 24 and 25 in a light most favorable to plaintiff, she has not actually alleged the necessary facts to establish the fourth element of a failure to promote claim. Plaintiff alleged that other less qualified Caucasian employees were "allowed to complete the interview process," but she did not allege that they received promotions at the time that her promotion was denied. Thus, even construing her allegations in a light most favorable to her, she has failed to plead an adverse employment action against defendants. *See Young,* 2016 U.S. Dist. LEXIS at *8-9.

12

All of plaintiff's claims fail as a matter of law because she has not alleged sufficient facts to establish that she suffered an adverse employment action. Her repeated conclusory statement that she suffered "adverse employment actions" begs the question: "what were the adverse employment actions?" Plaintiff's failure to allege sufficient factual content suggests that she may not have suffered the type of adverse employment action prohibited by Title VII, O.R.C. § 4112, and § 1983. Plaintiff's allegations assert formulaic elements of claims and stop short of the line between possibility and plausibility. *Twombly,* 550 U.S. at 555; *Ashcroft, 566 U.S. at 678*. For this reason, even if there were sufficient facts to infer that the County was her employer, I would recommend that the court dismiss plaintiff's claims against it.

## VI. Recommendation

Because plaintiff failed to allege sufficient facts supporting an inference that the County is her employer and because plaintiff has failed to state a claim against it, I recommend that the court DISMISS plaintiff's amended complaint against Cuyahoga County.

Dated: July 27, 2017

Thomas M. Parker
United States Magistrate Judge

---

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See** *U.S. v. Walters***, 638 F.2d 947 (6th Cir. 1981). See also** *Thomas v. Arn,* **474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**

---