IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MONIQUE MOORE, | Case No. 1:16 cv 3068 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| CUYAHOGA COUNTY, et al., | |
| Defendants. | **REPORT & RECOMMENDATION** |

**I.   Introduction**

This matter is before the court[1] on the motion to dismiss filed on May 5, 2017 by named defendant Cuyahoga County Court of Common Pleas ("CP Court").[2] CP Court previously filed a motion to dismiss[3] that became moot when plaintiff filed an amended complaint.

For the reasons set forth below, I recommend that the court DISMISS plaintiff's amended complaint against CP Court.

**II.   Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) and (6) provide, in relevant part, that "a party may assert the following defenses by motion:  (1) lack of subject matter jurisdiction; * * * (6) failure to state a claim upon which relief can be granted."  While a complaint attacked by a Rule

---

[1] Judge Donald Nugent referred this motion to me on June 7, 2017.  His order requires me to make proposed findings and recommendations on each motion to dismiss.
[2] ECF Doc. #34.
[3] ECF Doc. #4.

12(b)(6) motion to dismiss need not contain detailed factual allegations, *Bell Atlantic Corp. v. Twombly,* 550 U.S.544, 555, 127 S.Ct. 1955, 167 Led. 2d 929 (2007); *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly,* 550 U.S. at 555; *See also Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

The Supreme Court further explained the pleading requirements in *Ashcroft v. Iqbal,* 566 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff alleges factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement" but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

(internal citations omitted) *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009).

In ruling on a motion to dismiss, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTv, Inc., v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). The court may consider: (1) any documents attached to, incorporated by, or referred to in the pleadings;

2

(2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice. *Whittiker v. Deutsche Bank Nat'l Trust Co.,* 605 F.Supp.2d 914, 924-925 (N.D. Ohio 2009).  The defendant has the burden of showing that the plaintiff has failed to state a claim for relief, *DirecTv, Inc.,* 487 F.3d at 476 (citing *Carver v. Bunch,* 946 F.2d 451, 454, 455 (6th Cir. 1991)), and dismissal on this basis is reviewed *de novo. Golden v. City of Columbus,* 404 F.3d 950, 958 (6th Cir. 2005).

### III.    Factual Background

On November 30, 2016, plaintiff brought this action in state court against defendants named as: Cuyahoga County ("County"), Cuyahoga County Court of Common Pleas ("CP Court"), Cuyahoga County Probation Department ("Probation Department"), Maria Nemec, Michael Brady, and Christopher Russ.[4]  Defendants removed the case to federal court on December 23, 2016.[5]

For the most part, the court must accept plaintiff's allegations as true in deciding this motion.  Plaintiff alleges that she is a black woman employed as a probation officer with Defendant CP Court and the Probation Department and that the County, CP Court and Probation Department are her "employers in one capacity or another."  She alleges that Nemec, Brady and Russ are all employees of these entities and that they are her supervisors.

Plaintiff alleges that defendants "collectively subjected [her] to a pattern and practice of numerous adverse employment actions in retaliation" for her filing charges of discrimination with the EEOC; and for her exposing defendants' practices that threatened the health and safety of plaintiff and other probation officers.  She also alleges that in 2008 she attempted to

---

[4] ECF Doc. 1, Page ID# 7-8.
[5] ECF Doc. 1, Page ID# 7-8.

participate in the interview process for supervisory positions, but that she was denied completion of the interview process and "less qualified Caucasian probation officers were allowed to complete the process." Many of plaintiff's allegations relate to Defendant Brady's practice of issuing reports for plaintiff's probationers, despite her requests that he not do so. She also alleges that she exposed defendants' practices of allowing hazardous urine-stained documents to be presented to probation officers as part of their case files.

Paragraph 1 of plaintiff's amended complaint states, "This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, and Title 42, Section 1981(b), Section 1983 and Section 1988 of the United States Code as well as under the laws of the State of Ohio." Plaintiff entitles Count One of her amended complaint "Equal Employment Opportunity and Civil Rights Violations." This count alleges that defendants breached their duties and violated her rights as set forth in Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and Ohio Revised Code Chapter 4112. Plaintiff entitles Count Two of her amended complaint "Violation of Civil Rights and Unlawful Retaliation." Here she alleges that defendants violated 42 U.S.C. §1981, and §2000e-3(a) by discriminating and retaliating against plaintiff.

## IV. Parties' Arguments

Named defendant CP Court argues that it is not *sui juris*, an entity that can sue or be sued. It cites cases clearly supporting this argument. *See Pulse v. Gale,* 2016 U.S. Dist. LEXIS 56044 (N.D. 2016); *Lawson v. City of Youngstown,* 912 F.Supp.2d 527, 529-531 (N.D. Ohio 2012). CP Court also argues that plaintiff has failed to state a "plausible claim for relief" because her complaint consists of only "threadbare recitals of the elements of her cause of action, supported

4

by mere conclusory statements." In particular, CP Court criticizes plaintiff's allegation that CP Court and the other defendants are her employers without any factual support for this statement.

Plaintiff's opposition brief argues that she properly alleged each of the elements of her claims.[6] Plaintiff argues that CP Court improperly relied on Ohio law for the proposition that it cannot sue or be sued. Plaintiff acknowledges that in *Malone v. Court of Common Pleas of Cuyahoga County,* 45 OhioSt.2d 245 (1976), the Ohio Supreme Court held that a court cannot sue or be sued in its own right in ordinary civil matters. Nonetheless, plaintiff contends that CP Court can be sued under § 1983. Plaintiff cites cases for the proposition that counties and government entities can be found liable under §1983 even if they are not *sui juris* under Ohio law. *Turner v. City of Toledo,* 671 F.Supp.2d 967, 970-974 (N.D. Ohio 2009); *Wood v. Summit County Fiscal Office,* 579 F.Supp.2d 935, 964 (N.D. Ohio 2008); *Jerry v. Lake County,* 2010 U.S. Dist. LEXIS 77135; *Sanford v. Lucas County,* 2009 U.S. Dist. LEXIS 20774 at *8-9; *Petty v. County of Franklin,* 478 F.3d 341, 347-8 (6th Cir. 2007); *Stack v. Karnes,* 750 F.Supp.2d 892, 894 (S.D. Ohio 2010); *Black v. Hamilton County Public Defender Commission,* 2013 U.S. Dist. LEXIS 25386 (S.D. Ohio 2013). She then argues that she has alleged a claim pursuant to *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 690-691 (1978). She states that "throughout the complaint" she alleged that the moving defendants each created, conducted, permitted to occur, and/or engaged in unconstitutional policies, customs, behavior, acts and/or omissions.

CP Court's reply argues that not only Ohio law but also federal law holds that courts are not *sui juris.* Moreover, Federal Rule of Civil Procedure 17(b)(3) provides that the "law of the state where the court is located" governs whether a court or other governmental entity can sue or

---

[6] ECF Doc. #38.

be sued. Thus, CP Court argues that the law cited in its motion controls on the issue of whether it is *sui juris.*

CP Court also contends that plaintiff's argument that it can be held liable under §1983 pursuant to *Monell* is misguided because the cases cited by plaintiff involve counties or cities, which are *sui juris.* CP Court cites several cases, including cases involving §1983 claims, that dismissed courts because they could not be sued. *Lawson,* 912 F.Supp.2d at 529-531; *Jones v. Singer,* 2017 U.S. Dist. LEXIS 617, *2 (S.D. Ohio Jan. 17, 2017); *Alexander v. Ohio,* 2016 U.S. Dist. LEXIS 94611, *3 (N.D. Ohio July 20, 2016). CP Court further argues that, even if it was *sui juris* and could be held liable under § 1983, plaintiff has failed to state a claim under §1983. CP Court restates its argument that plaintiff has failed to allege any facts supporting her conclusory statement that CP Court is her employer.

### V. Law & Analysis

#### A. Whether the Court is *Sui Juris?*

Defendant CP Court asserts that it is not *sui juris,* an entity that can sue and be sued. Plaintiff acknowledges that under Ohio law, a court can neither sue nor be sued absent "express statutory authority." *Malone,* 45 Ohio St.2d at 248. Plaintiff does not cite any statutory authority expressly providing that the court can be sued. Nevertheless, she argues that CP Court is considered a "person" who can be sued under §1983 for a constitutional rights violation. Unfortunately, plaintiff cites no cases or other authority supporting this argument. As pointed out by CP Court, most of plaintiff's cases evaluate whether a *county* can be sued as a legal entity. Counties are *sui juris* and are treated differently than courts. *See Jerry v. Lake County,* 2010 U.S. Dist. LEXIS 77135 at *3, *7 (N.D. Ohio July 31, 2010). Thus, the case law cited by plaintiff offers no assistance in evaluating her claims against the court.

6

Conversely, CP Court cites cases dismissing §1983 claims against courts because they are not *sui juris*. See *Jones,* 2017 U.S. Dist. LEXIS at \*2; *Alexander,* 2016 U.S. Dist. LEXIS at \*3; *see also, Cahan v. Summit County Court of Common Pleas,* 2017 U.S. Dist. LEXIS 87435 at \*12, citing *Williams v. City of Columbus, Ohio,* 892 F.Supp.2d 918, 923 (S.D. Ohio 2012). These cases show that CP Court is not *sui juris.* Plaintiff's attempt to sue CP Court fails as a matter of law, and I recommend that the court GRANT CP Court's motion to dismiss.

### B. Failure to State a Claim

CP Court also argues that, even if it were *sui juris,* plaintiff failed to state a claim against it because she failed to sufficiently allege factual content establishing either an employment relationship or an adverse employment action. Plaintiff's amended complaint does allege that CP Court was her employer.[7] Without deciding whether plaintiff is required to allege more factual content supporting an employment relationship, I have focused on plaintiff's allegations of an adverse employment action. Her failure to allege more than a formulaic recitation of this element is dispositive of her case. *See Twombly,* 550 U.S. at 555.

Each of plaintiff's claims requires that she allege facts showing that her employer made an adverse employment decision, or took an adverse action against her. "In order to establish an equal protection violation against a public employer in a section 1983 action, a plaintiff must show that the employer made an adverse employment decision 'with a discriminatory intent and purpose.'" *Boger v. Wayne Cnty.*, 950 F.2d 316, 324-25 (6th Cir.1991) (citation omitted). "[T]o establish a prima facie case of disparate treatment [under O.R.C. § 4112.02(A)] a plaintiff must show that 1) she is a member of a protected class; 2) she was qualified for the position; 3) she was subjected to an *adverse employment decision*; and 4) she was replaced by a person outside

---

[7] ECF Doc. 32, at ¶ 17.

7

the protected class, or treated differently than similarly situated non-protected employees. (emphasis added) *Vaughn v. Louisville Water Co.,* 2008 U.S. App. LEXIS 24224, **16-17, 302 Fed. Appx. 337 (6th Cir. Nov. 24, 2008) (citing *Vincent v. Brewer Co.,* 514 F.3d 489, 494 (6th Cir. 2007)). "A prima facie case for retaliation under [O.R.C. § 4112.02(I)] requires a showing that 1) Plaintiff engaged in a protected activity; 2) defendant knew of the exercise of this civil right; 3) the employer took some *adverse action* against the Plaintiff; and 4) there is a causal link between the protected activity and the adverse action." (emphasis added) *Brower v. Ross Products Div.*, 2002 U.S. Dist. LEXIS 15678, 2002 WL 484702 (S.D. Ohio) quoting *Chandler v. Empire Chem., Inc.,* 99 Ohio App.3d 396, 402, 650 N.E.2d 950 (Summit Co. 1994). These elements are the same elements required of a Title VII claim. *Logan v. Henderson,* 2002 U.S. Dist. LEXIS 15679, 2002 WL 484631 (S.D. Ohio, 2002).

The Sixth Circuit has defined an adverse employment action as a "materially adverse change in the terms and conditions of [plaintiff's] employment because of [the] employer's conduct." *Smith v. City of Salem*, 378 F.3d 566, 575 (6th Cir. 2004), quoting *Hollins v. Atlantic Co.,* 188 F.3d 652, 662 (6th Cir. 1999); *Kocsis v. Multi-Care Management, Inc.,* 97 F.3d 876, 885 (6th Cir. 1996). "[A] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Hollins*, 188 F.3d at 662. "Examples of adverse employment actions include firing, failure to promote, reassignment with significantly lower responsibilities, a material loss of benefits, suspensions, and other indicia unique to a particular situation." *Smith*, 378 F.3d at 575-76, quoting *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998).

8

Plaintiff's allegations of adverse employment actions are conclusory and, for the most part, merely state that she was subjected to "adverse employment action." *See Bradley v. Arwood,* 2014 U.S. Dist. LEXIS 148827 at *20 (E.D. Mich. 2014). To the extent that plaintiff's amended complaint describes specific events occurring in her employment, they do not constitute adverse employment action. *Id.* For example, plaintiff alleges that Defendant Brady issued status reports and other documents related to plaintiff's probationers as though she had issued them. She requested that he stop, but he persisted. Even if these allegations are true, they do not constitute adverse employment action. They may actually suggest that Brady was doing some of plaintiff's work. Plaintiff also alleges that she exposed defendants' practice of allowing hazardous urine-stained documents to be presented to probation officers as part of case files. After she exposed this practice, plaintiff alleges that defendants "continued and escalated the retaliation, harassment, and adverse employment actions against plaintiff." Unfortunately, plaintiff does not describe what the adverse actions were or allege that they were racially motivated. What plaintiff has alleged does not constitute "adverse employment actions." *Id.*

While the undersigned agrees that plaintiff's allegations are conclusory and that she failed to describe any specific adverse employment action, paragraphs 24 and 25 of the amended complaint may warrant closer inspection.

24. Beginning in or around 2008, the Plaintiff attempted to participate in the interview process for supervisory positions.

25. Although highly qualified, the Plaintiff was denied completion of the interview process and less qualified Caucasian probation officers were allowed to complete the process.

These allegations could arguably be construed as a failure to promote, which is an adverse employment action. *See Young v. CSL Plasma, Inc.,* 2016 U.S. Dist. LEXIS 43199 at *8-9 (E.D. Mich., 2016).

9

To establish a prima facie case of racial discrimination based upon a failure to promote, the plaintiff must demonstrate: (1) she is a member of a protected class; (2) she applied for and was qualified for a promotion, (3) she was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the time the plaintiff's request for promotion was denied.  *Nguyen v. City of Cleveland,* 229 F.3d 559, 562-63 (6th Cir. 2000).  Even if the court construes the allegations in paragraphs 24 and 25 in a light most favorable to plaintiff, she has not actually alleged the necessary facts to establish the fourth element of a failure to promote claim.  Plaintiff alleged that other less qualified Caucasian employees were "allowed to complete the interview process," but she did not allege that they received promotions at the time that her promotion was denied.  Thus, even construing her allegations in a light most favorable to her, she has failed to plead an adverse employment action against defendants.  *See Young,* 2016 U.S. Dist. LEXIS at *8-9.

All of plaintiff's claims fail as a matter of law because she has not alleged sufficient facts to establish that she suffered an adverse employment action.  Her repeated conclusory statement that she suffered "adverse employment actions" begs the question: "what were the adverse employment actions?"  Defendants challenged these conclusory allegations before plaintiff filed an amended complaint, yet her amended complaint still failed to assert sufficient factual content.  This failure suggests that she may not have suffered the type of adverse employment action prohibited by Title VII, O.R.C. § 4112, and § 1983.  Plaintiff's allegations assert formulaic elements of claims and stop short of the line between possibility and plausibility.  *Twombly,* 550 U.S. at 555; *Ashcroft, 566 U.S. at 678*.  For this reason, even if CP Court were *sui juris,* I would recommend that the court dismiss plaintiff's claims against it.

10

## VI. Conclusion

Because the Cuyahoga County Court of Common Pleas is not *sui juris* and because plaintiff has failed to state a claim against it, I recommend that the court DISMISS plaintiff's amended complaint against Defendant Cuyahoga County Court of Common Pleas.

Dated: July 27, 2017

Thomas M. Parker
United States Magistrate Judge

---

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** See *U.S. v. Walters*, **638 F.2d 947 (6th Cir. 1981). See also** *Thomas v. Arn,* **474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**

---