IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONIQUE MOORE, | ) | Case No. 1:16 cv 3068 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| CUYAHOGA COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

## I.    Introduction

This matter is before the court[1] on the motion to dismiss filed on May 5, 2017 by defendants, Cuyahoga County Probation Department ("CCPD or "Probation Department"), Maria Nemec, Michael Brady, and Christopher Russ.[2]  Defendants previously filed motions to dismiss[3] that became moot when plaintiff filed an amended complaint.

For the reasons set forth below, I recommend that the court DISMISS plaintiff's amended complaint against CCPD, Nemec, Brady and Russ.

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides, in relevant part, that "a party may assert the following defenses by motion:  * * * (6) failure to state a claim upon which relief can be

---

[1] Judge Donald Nugent referred the motions to dismiss to me on June 7, 2017.  His order requires me to make proposed findings and recommendations on each motion to dismiss.
[2] ECF Doc. #33.
[3] ECF Doc. #7 and ECF Doc. #8.

granted." While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain

detailed factual allegations, *Bell Atlantic Corp. v. Twombly,* 550 U.S.544, 555, 127 S.Ct. 1955,

167 Led. 2d 929 (2007); *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247,

251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do. *Twombly,* 550 U.S. at 555; *See also Papasan v. Allain*, 478 U.S. 265, 286, 106

S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true

a legal conclusion couched as a factual allegation").

The Supreme Court further explained the pleading requirements in *Ashcroft v. Iqbal,* 566

U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

> [T]he pleading standard Rule 8 announces does not require "detailed factual
> allegations," but it demands more than an unadorned, the-defendant-unlawfully-
> harmed-me accusation. A pleading that offers "labels and conclusions" or "a
> formulaic recitation of the elements of a cause of action will not do." Nor does a
> complaint suffice if it tenders "naked assertion[s]" devoid of "further factual
> enhancement. To survive a motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to "state a claim to relief that is
> plausible on its face." A claim has facial plausibility when the plaintiff alleges
> factual content that allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged. The plausibility standard is not
> akin to a "probability requirement" but it asks more than a sheer possibility that a
> defendant has acted unlawfully. Where a complaint pleads facts that are "merely
> consistent with" a defendant's liability, it "stops short of the line between
> possibility and plausibility of 'entitlement to relief.'

(internal citations omitted) *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d

868 (2009).

In ruling on a motion to dismiss, a district court must "construe the complaint in the light

most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences

in favor of the plaintiff." *DirecTv, Inc., v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). The court

may consider: (1) any documents attached to, incorporated by, or referred to in the pleadings;

2

(2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice. *Whittiker v. Deutsche Bank Nat'l Trust Co.,* 605 F.Supp.2d 914, 924-925 (N.D. Ohio 2009).  The defendant has the burden of showing that the plaintiff has failed to state a claim for relief, *DirecTv, Inc.,* 487 F.3d at 476 (citing *Carver v. Bunch,* 946 F.2d 451, 454, 455 (6th Cir. 1991)), and dismissal on this basis is reviewed *de novo.  Golden v. City of Columbus,* 404 F.3d 950, 958 (6th Cir. 2005).

## III.    Statement of Facts

On November 30, 2016, plaintiff brought this action in state court against Cuyahoga County ("County"), Cuyahoga County Court of Common Pleas ("CP Court"), the Probation Department, Nemec, Brady, and Russ.[4]  Defendants removed the case to this court on December 23, 2016.[5]

For the most part, the court must accept the following allegations as true in deciding this motion.  Plaintiff alleges that she is a black woman employed by the CP Court and the Probation Department as a probation officer and that the County, the CP Court and the Probation Department are her "employers in one capacity or another."  She alleges that Nemec, Brady and Russ are all employees of these entities and that they are her supervisors.

Plaintiff alleges that defendants "collectively subjected [her] to a pattern and practice of numerous adverse employment actions in retaliation" for her filing charges of discrimination with the EEOC; and for her exposing defendants' practices that threatened the health and safety of plaintiff and other probation officers.  She also alleges that in 2008 she attempted to participate in the interview process for supervisory positions, but that she was denied completion

---

[4] ECF Doc. 1, Page ID# 7-8.
[5] ECF Doc. 1, Page ID# 7-8.

of the interview process and "less qualified Caucasian probation officers were allowed to complete the process."  Many of plaintiff's allegations relate to Defendant Brady's practice of issuing reports for plaintiff's probationers, despite her requests that he not do so. She also alleges that she exposed defendants' practices of allowing hazardous urine-stained documents to be presented to probation officers as part of their case files.

Paragraph 1 of plaintiff's amended complaint states: "This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, and Title 42, Section 1981(b), Section 1983 and Section 1988 of the United States Code as well as under the laws of the State of Ohio."  Plaintiff entitles Count One of her amended complaint "Equal Employment Opportunity and Civil Rights Violations."  This count alleges that defendants breached their duties and violated plaintiff's rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and Ohio Revised Code Chapter 4112.  Plaintiff entitles Count Two of her amended complaint "Violation of Civil Rights and Unlawful Retaliation."  Here she alleges that defendants violated 42 U.S.C. §1981, and §2000e-3(a) by discriminating and retaliating against her.

## IV.    Parties' Arguments

The Probation Department argues that because it is not a stand-alone legal entity it cannot be sued.  It cites cases dismissing other probation departments on that basis.  *See, e.g., Jerry v. Lake County,* 2010 U.S. Dist. LEXIS 77135 (N. D. Ohio July 31, 2010).

Defendants, CCPD, Nemec, Brady and Russ also argue that plaintiff failed to state any plausible claim for relief against them.  As to Count One, defendants contend that plaintiff has not alleged that she suffered an adverse employment action.  Defendants Nemec, Brady and Russ also argue that they cannot be sued individually for alleged violations of Title VII, 42 U.S.C.

4

§2000e-2.  They also contend that they cannot be sued in their individual capacities for alleged

violations of 42 U.S.C. §1981 or O.R.C. §4112.02.  As to Count Two, defendants argue that Title

VII's retaliation provision requires a party to show that they experienced a material adverse

action.  Defendants acknowledge that plaintiff has alleged that she suffered "adverse

employment action" but argue that she has not set forth specific facts supporting this bare

allegation.  As with Count One, defendants, Nemec, Brady and Russ contend that they cannot be

held individually liable under a Title VII retaliation claim and/or O.R.C. §4112.02.

 Plaintiff's opposition brief argues that she properly alleged each of the elements of her

claims.  Without addressing the argument that the CCPD is merely a department within the CP

Court, plaintiff asserts that CCPD is a "person" who can be sued under §1983 when it

implements an unconstitutional policy or custom.  Plaintiff cites cases for the proposition that

counties and government entities can be found liable under §1983 even if they are not *sui juris*

under Ohio law. *Turner v. City of Toledo,* 671 F.Supp.2d 967, 970-974 (N.D. Ohio 2009); *Wood

v. Summit County Fiscal Office,* 579 F.Supp.2d 935, 964 (N.D. Ohio 2008); *Jerry v. Lake

County,* 2010 U.S. Dist. LEXIS 77135; *Sanford v. Lucas County,* 2009 U.S. Dist. LEXIS 20774

at *8-9; *Petty v. County of Franklin,* 478 F.3d 341, 347-8 (6th Cir. 2007); *Stack v. Karnes,* 750

F.Supp.2d 892, 894 (S.D. Ohio 2010); *Black v. Hamilton County Public Defender Commission,*

2013 U.S. Dist. LEXIS 25386 (S.D. Ohio 2013).  She then argues that she has alleged a claim

pursuant to *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 690-691 (1978).  She states that

"throughout the complaint" she alleged that the moving defendants each created, conducted,

permitted to occur, and/or engaged in unconstitutional policies, customs, behavior, acts and/or

omissions.  Plaintiff dedicates most of her brief in opposition to describing the law and the

elements of the claims she has attempted to assert rather than directly responding to defendants' arguments.

Defendants reply argues that plaintiff completely missed the mark in arguing that the probation department can be sued. Defendants point out that Rule 17(b)(3) of the Federal Rules of Civil Procedure state that a party's capacity to be sued is determined by state law. They point again to federal cases holding that courts and probation departments are not *sui juris*. *Pulse v. Gale,* 2016 U.S. Dist. LEXIS *6-7 (N.D. Ohio 2016); *Jerry v.* 2010 U.S. Dist. LEXIS at fn. 1. They contend that it is immaterial whether the Probation Department is a "person" who can be sued pursuant to §1983, because they do not believe that plaintiff has alleged a §1983 claim against CCPD.

Defendants then argue that plaintiff's cited cases do not support her claims. *Turner v. City of Toledo,* 671 F.Supp.2d 967 (N.D. Ohio 2009) involved a Board of Commissioners, not a government department like the probation department. In *Wood v. Summit County,* 579 F.Supp.2d 935, 964 (N.D. Ohio 2008) the court held that the plaintiff had not shown any policy or custom of government-sanctioned constitutional rights violations; the county's capacity to be sued was not at issue. In *Jerry v. Lake County,* 2010 U.S. Dist. LEXIS 77135, the court actually dismissed §1983 claims asserted against the City of Painesville Probation Department and Municipal Court because they were not *sui juris.* In *Sanford v. County of Lucas,* 2009 U.S. Dist. LEXIS 20774, the court held that Lucas County was subject to suit, but that case did not involve a separate government department like the probation department. Defendant argues that *Petty v. County of Franklin,* 478 F.3d 341 (6th Cir. 2007), affirmed the district court's dismissal of the Franklin County Sheriff's Office because, unlike an elected sheriff, the sheriff's office is not an

entity that was capable of being sued on a §1983 claim.  Defendants also distinguish the cases of *Black v. Hamilton, Stack v. Karnes,* and *Smith v. Grady* [citations omitted].

As to the claims asserted against the individual defendants, Nemec, Brady and Russ, in Count One, defendants contend that plaintiff has failed to allege a legally cognizable adverse employment action, such as a "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  *Laster v. City of Kalamazoo,* 746 F.3d 714, 727 (6th Cir. 2014).  Defendants point out that plaintiff did not respond to their argument that they cannot be sued individually for violations of Title VII, §1981, or O.R.C. §4112.02.

Regarding Count Two, defendants argue that plaintiff failed to set forth any facts to substantiate her bare allegations that she suffered adverse employment action.  Defendants acknowledge plaintiff's criticism of defendant Brady's supervision of her employment, but they cite cases holding that the mere fact that a supervisor monitors an employee more closely than others is not a material change to the employee's employment status or the terms and conditions of her employment.  *Allen v. Michigan Dept. of Corrections,* 165 F.3d 405, 410 (6th Cir. 1999).  Defendants also restate their argument that they cannot be held individually liable for a Title VII retaliation claim, or for violation of 42 U.S.C. §2000e-3 or R.C. §4112.02(I).

## V.     Law & Analysis

### A.     Cuyahoga County Probation Department's Motion to Dismiss

The Probation Department asserts that it is not *sui juris,* an entity that can sue and be sued.  Plaintiff responds that a probation department is a "person" who can be sued for a §1983 violation.  Plaintiff has not provided any authority to support this argument.  Most of plaintiff's cited cases evaluate whether a *county* can be sued as a legal entity.  CCPD argues that it is a

department of the court of common pleas under Ohio Rev. Code § 2301.27, which provides that a court of common pleas may establish a county department of probation consisting of a chief probation officer and a number of other probation officers and employees. CCPD also cites cases from this court holding that probation departments are not *sui juris*. *Pulse v. Gale,* 2016 U.S. Dist. LEXIS 56044 at *6-7 (N.D. Ohio 2016); *Jerry,* 2010 U.S. Dist. LEXIS at fn. 1. The undersigned is persuaded by these cases. The Probation Department is not *sui juris* and plaintiff's attempt to sue it fails as a matter of law. I recommend that the court GRANT the County's motion to dismiss the Probation Department.

### B. Motion to Dismiss by Defendants Nemec, Brady and Russ

#### 1. Title VII

Defendants Nemec, Brady and Russ argue that they cannot be held individually liable for violations of Title VII. Plaintiff has not responded to this argument. However, the Sixth Circuit has held that individuals cannot be personally liable for alleged violations of Title VII. *Griffin v. Finkbeiner,* 689 F.3d 584, 600 (6th Cir. 1997), quoting *Wathen v. Gen. Elec. Co.,* 115 F.3d 400, 405 (6th Cir. 1997). To the extent that plaintiff has attempted to sue defendants, Nemec, Brady and Russ for violations of Title VII, I recommend that the court dismiss plaintiff's claims.

#### 2. §1981

Section 1981 prohibits racial discrimination in the making and enforcement of contracts. *See Runyon v. McCrary,* 427 U.S. 160, 168, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976). Defendants, Nemec, Brady and Russ, argue that they cannot be sued as individuals or in their official capacities for violations of 42 U.S.C. § 1981. In *McCormick v. Miami Univ.,* 693 F.3d 654, 660-661 (6th Cir. 2012), the Sixth Circuit held that §1983 is the exclusive mechanism for suing an individual state actor in his or her official and/or individual capacity for violations of §1981.

8

Thus, plaintiff's §1981 claims against defendants, Nemec, Brady and Russ, fail as a matter of law. To the extent that plaintiff has attempted to sue defendants, Nemec, Brady and Russ, for violations of §1981, I recommend that the court dismiss the claims.

### 3. §1983

Defendants' motion to dismiss does not argue that §1983 claims should be dismissed. However, plaintiff's brief in opposition states that she has asserted a §1983 claim, lists the elements of such a claim, and argues that she is permitted to assert this claim pursuant to the Supreme Court's decision in *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Defendants argue in their reply that plaintiff failed to plead a §1983 claim in Count One or Two of her amended complaint. Thus, the first question is whether plaintiff has properly alleged a §1983 claim against any of these defendants.

Under 42 U.S.C. §1983, a plaintiff may bring a claim against any person who, "under color of state law causes the deprivation of any rights, privileges, or immunities secured by the Constitution." Two elements are required to establish a prima facie case under § 1983: there must be conduct by someone acting under color of state law, and the conduct must deprive plaintiff of her rights secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

The 11th paragraph of plaintiff's amended complaint alleges that she was deprived of rights secured by the Fourth[6] and Fourteenth Amendments to the Constitution as well as other laws of the United States. The Sixth Circuit has noted that an employee can bring a successful §1983 claim under the Fourteenth Amendment's Equal Protection Clause, so long as the plaintiff proves the same elements that are required in order to establish a disparate treatment claim under

---

[6] Plaintiff makes no attempt to explain how the defendants violated her Fourth Amendment rights. Nor does her complaint contain any allegations that could be construed to state a violation of the Fourth Amendment.

Title VII.  See *Arnold*, 515 F. App'x at 539 (citing *Gutzwiller v. Fenik*, 860 F.2d 1317, 1325 (6th Cir.1988)) ("The showing a plaintiff must make to recover on a disparate treatment claim under Title VII mirrors that which must be made to recover on an equal protection claim under section 1983."); see also *Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1205 (6th Cir. 1984) (citing *Grano v. Department of Development, City of Columbus*, 637 F.2d 1073 (6th Cir.1980)).

Because plaintiff asserts a Fourteenth Amendment violation, she is required to show that "'the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person.'" *Arnold v. City of Columbus*, 515 F. App'x 524, 538-39 (6th Cir. 2013) cert. denied, 134 S. Ct. 532, 187 L. Ed. 2d 370 (U.S. 2013) (citing *Wright v. MetroHealth Med. Ctr.,* 58 F.3d 1130, 1137 n. 7 (6th Cir.1995)); see also *Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977) ("Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.").

"In order to establish an equal protection violation against a public employer in a section 1983 action, a plaintiff must show that the employer made an adverse employment decision 'with a discriminatory intent and purpose.'" *Boger v. Wayne Cnty.*, 950 F.2d 316, 324-25 (6th Cir.1991) (citation omitted).  The plaintiff must establish that the employment decision at issue would not have been made "but for" the plaintiff's race. *Weberg v. Franks*, 229 F.3d 514, 522 (6th Cir. 2000). Thus, Plaintiff must prove that "discriminatory intent more likely than not was the basis of the adverse employment action." *Gutzwiller v. Fenik*, 860 F.2d 1317, 1325 (6th Cir.1988) (citation and internal quotation marks omitted).

Defendants argue that plaintiff failed to allege an adverse employment action.  The Sixth Circuit has defined an adverse employment action as a "materially adverse change in the terms and conditions of [plaintiff's] employment because of [the] employer's conduct." *Smith v. City of Salem*, 378 F.3d 566, 575 (6th Cir. 2004), quoting *Hollins v. Atlantic Co.,* 188 F.3d 652, 662 (6th Cir. 1999); *Kocsis v. Multi-Care Management, Inc.,* 97 F.3d 876, 885 (6th Cir. 1996). "[A] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities."  *Hollins*, 188 F.3d at 662. "Examples of adverse employment actions include firing, failure to promote, reassignment with significantly lower responsibilities, a material loss of benefits, suspensions, and other indicia unique to a particular situation." *Smith*, 378 F.3d at 575-76, quoting *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998).

Defendants recognize that plaintiff repeatedly alleges suffering "adverse employment action" but argue that she does not plead any facts describing the alleged adverse employment action.  The undersigned agrees that plaintiff's allegations of adverse employment actions are conclusory and/or describe conduct that does not constitute adverse employment action.  *See Bradley v. Arwood,* 2014 U.S. Dist. LEXIS 148827 at *20 (E.D. Mich. 2014).  For example, plaintiff alleges that Defendant Brady issued status reports and other documents related to her probationers as though she had issued them.  She requested that he stop, but he persisted.  Even if these allegations are true, they do not constitute adverse employment action.  They may actually suggest that Brady was doing some of plaintiff's work.  Plaintiff also alleges that she exposed defendants' practice of allowing hazardous urine-stained documents to be presented to probation officers as part of case files.  After she exposed this practice, plaintiff alleges that defendants "continued and escalated the retaliation, harassment, and adverse employment actions

against plaintiff."  Unfortunately, plaintiff does not describe what the adverse actions were or that they were racially motivated.  What plaintiff has alleged does not constitute "adverse employment actions." *Id.*

While the undersigned agrees that plaintiff's allegations are conclusory and that she fails to describe any specific adverse employment action, paragraphs 24 and 25 of the amended complaint may warrant closer inspection.

> 24.  Beginning in or around 2008, the Plaintiff attempted to participate in the interview process for supervisory positions.

> 25.  Although highly qualified, the Plaintiff was denied completion of the interview process and less qualified Caucasian probation officers were allowed to complete the process.

These allegations arguably could be construed as a failure to promote, which is an adverse employment action.  *See Young v. CSL Plasma, Inc.,* 2016 U.S. Dist. LEXIS 43199 at *8-9 (E.D. Mich., 2016).  To establish a prima facie case of racial discrimination based upon a failure to promote, the plaintiff must demonstrate: (1) she is a member of a protected class; (2) she applied for and was qualified for a promotion, (3) she was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the time the plaintiff's request for promotion was denied. *Nguyen v. City of Cleveland,* 229 F.3d 559, 562-63 (6th Cir. 2000).  Even if the court construes the allegations in paragraphs 24 and 25 in a light most favorable to plaintiff, she does not actually allege the necessary facts to establish the fourth element of a failure to promote claim.  Plaintiff alleges that other less qualified Caucasian employees were "allowed to complete the interview process," but she does not allege that they received promotions at the time that her promotion was denied. Thus, even construing her allegations in a light most favorable to her, she has failed to plead an adverse employment action against defendants.  *See Young,* 2016 U.S. Dist. LEXIS at *8-9.

To state a § 1983 action, plaintiff must allege both elements of that claim – 1) conduct by someone acting under color of state law, and 2) a deprivation of plaintiff's rights secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).  Plaintiff has failed to plead a deprivation of her rights because she has not alleged sufficient facts that she suffered an adverse employment action.  Her repeated conclusory statement that she suffered "adverse employment actions" begs the question: "what were the adverse employment actions?"  Defendants challenged these conclusory allegations before plaintiff filed an amended complaint and she still failed to assert sufficient factual content. This failure suggests that she may not have suffered the type of adverse employment action prohibited by Title VII, O.R.C. § 4112, and § 1983.  Plaintiff's allegations assert formulaic elements of claims and stop short of the line between possibility and plausibility.  *Twombly,* 550 U.S. at 555; *Ashcroft, 566 U.S. at 678.*  For this reason, the undersigned recommends that the court dismiss plaintiff's § 1983 claims against defendants, Nemec, Brady and Russ.

### 4.  O.R.C. § 4112

Defendants cite *Hauser v. City of Dayton Police Department,* 140 Ohio St.3d 268, 2014-Ohio-3636, 17 N.E.3d 554 in support of their argument that employees of Ohio political subdivisions cannot be held individually liable for violations of O.R.C. § 4112.02.  In *Hauser,* the Ohio Supreme Court held that R.C. §§ 4112.01(A)(2) and 4112.02(A) do not expressly impose individual liability on political subdivision employees so as to exempt them from the immunity provided by O.R.C. § 2744.03(A)(6)(c).  However, the court indicated that an individual political subdivision employee could still face liability under other provisions of R.C. § 4112.02 that expressly imposed liability on individuals, such as R.C. § 4112.02(J).  The court also noted that the *Hauser* decision was distinguishable from *Genaro v. Cent. Transp., Inc.,* 84

13

Ohio St.3d 293, 1999-Ohio-353, 703 N.E.2d 782, 785, in which the Court determined that a supervisor or manager could be held jointly and severally liable with his or her employer for discriminatory conduct in violation of R.C. Chapter 4112.

In accepting plaintiff's allegations as true and after drawing all reasonable inferences in her favor, the undersigned cannot say that Defendants Nemec, Brady and Russ are entitled to a dismissal of plaintiff's discrimination claims brought pursuant to O.R.C. § 4112, simply because they are individuals.  Plaintiff does not specify which section of O.R.C. § 4112 defendants allegedly violated.  As noted in *Hauser*, certain sections of the statute create individual liability. These defendants could also be sued individually if they were plaintiff's managers or supervisors, a fact she alleges at paragraph 18 of her amended complaint.  *See Griffin,* 689 F.3d at 600, citing *Genaro,* 84 Ohio St.3d. at 300.

Although defendants may not be entitled to dismissal because they are individuals, they are entitled to dismissal on a different basis.  As with plaintiff's § 1983 claim, defendants are entitled to a dismissal of plaintiff's O.R.C § 4112 claims because she has failed to plead facts showing that she suffered any adverse employment action.  O.R.C. § 4112.02(A) states that it shall be an unlawful discriminatory practice:

> (A)  For any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

> * * *

> (I)   for any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under sections § 4112.01 to § 4112.07 of the Revised Code." O.R.C. § 4112.02(I).

"[T]o establish a prima facie case of disparate treatment, a plaintiff must show that 1) she is a member of a protected class; 2) she was qualified for the position; 3) she was subjected to an *adverse employment decision*; and 4) she was replaced by a person outside the protected class, or treated differently than similarly situated non-protected employees. (emphasis added) *Vaughn v. Louisville Water Co.,* 2008 U.S. App. LEXIS 24224, **16-17, 302 Fed. Appx. 337 (6th Cir. Nov. 24, 2008) (citing *Vincent v. Brewer Co.,* 514 F.3d 489, 494 (6th Cir. 2007)). "A prima facie case for retaliation under [O.R.C. § 4112.02(I)] requires a showing that 1) Plaintiff engaged in a protected activity; 2) defendant knew of the exercise of this civil right; 3) the employer took some *adverse action* against the Plaintiff; and 4) there is a causal link between the protected activity and the adverse action." (emphasis added) *Brower v. Ross Products Div.*, 2002 U.S. Dist. LEXIS 15678, 2002 WL 484702 (S.D. Ohio) quoting *Chandler v. Empire Chem., Inc.,* 99 Ohio App.3d 396, 402, 650 N.E.2d 950 (Summit Co. 1994). These elements are the same elements required of a Title VII claim. *Logan v. Henderson,* 2002 U.S. Dist. LEXIS 15679, 2002 WL 484631 (S.D. Ohio, 2002).  Title VII prohibits employers from discriminating against employees on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. O.R.C. § 4112.02 "prohibits the same conduct as a matter of State law, and is generally construed in an identical fashion to Title VII." *Shoemaker-Stephan v. Montgomery County Bd. of Comm'rs*, 262 F.Supp.2d 866, 874-76 (S.D. Ohio 2003). Likewise, 42 U.S.C. § 1981 prohibits racial discrimination in the "making, performance, modification, and termination of contracts."

The Sixth Circuit has recognized that the framework used to evaluate a Title VII discrimination claim also applies to discrimination claims under § 1981 and O.R.C. § 4112.02. *See Noble v. Brinker Int'l, Inc.,* 391 F.3d 715, 720 (6th Cir. 2004) ("The Ohio courts have held that the evidentiary standards and burdens of proof applicable to a claimed violation of Title VII

. . . are likewise applicable in determining whether a violation of Ohio Rev. Code § 4112 has occurred.")(quoting *Williams v. Ford Motor Co.,* 187 F.3d 533, 538 (6th Cir. 1999)); *see also Cox v. Shelby State Comm. College*, 48 Fed. Appx. 500, 506 (6th Cir. 2002) ("in order to survive a motion to dismiss, a § 1981 plaintiff must establish a prima facie case of discrimination under *McDonnell-Douglas*"); *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm.*, 66 Ohio St. 2d 192, 421 N.E.2d 128, 131 (Ohio 1981).

Federal case law interpreting claims of racial discrimination is generally applicable to claims under Ohio Revised Code § 4112.  *See Little Forest Med. Center v. Ohio Civil Rights Comm'n*, 61 Ohio St. 3d 607, 575 N.E.2d 1164, 1167 (Ohio 1991). An adverse employment action is a necessary element of each of plaintiff's claims, including claims for race discrimination and retaliation under O.R.C. § 4112. *See Turner v. City of Akron,* 2008 U.S. Dist. LEXIS 140 at *19-22 (N.D. Ohio 2009).  As discussed above, plaintiff has failed to sufficiently allege that she suffered an adverse employment action as a result of race discrimination by her employer, supervisors or co-workers.  Thus, she has failed to properly allege a claim for race discrimination pursuant to O.R.C. § 4112.  I recommend that the court dismiss the claims she has alleged under O.R.C. § 4112.

**VI.    Conclusion**

Because plaintiff has failed to state a claim upon which relief may be granted, I recommend that the court DISMISS plaintiff's amended complaint against named Defendants, Cuyahoga County Probation Department, Maria Nemec, Michael Brady and Christopher Russ.


Dated: July 27, 2017

Thomas M. Parker
United States Magistrate Judge

16

---

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**

---